UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cr-00131-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| (3) RYAN ANDREW PRESCOTT, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Notice of Appeal and Motion to Revoke Order of Detention. (Doc. No. 42). In his Appeal, Defendant seeks *de novo* review of the Order of Detention issued by Magistrate Judge David Cayer. (Doc. No. 33). Upon its *de novo* review, including the Pretrial Services Report, the official courtroom recording, and the Magistrate Judge's Order, the Court AFFIRMS the Order of Detention (Doc. No. 33) and DENIES Defendant's Appeal (Doc. No. 42).

As background, a Grand Jury indicted Defendant for Methamphetamine Trafficking Conspiracy and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841 and 846. (Doc. No. 25, pp. 1, 5). The following day, Defendant made his initial appearance, and on April 27 had his detention hearing before the Magistrate Judge. After this hearing, and in the Order of Detention, the Magistrate Judge found: (1) that a rebuttable presumption in favor of detention existed based on probable cause that Defendant committed an offense under the Controlled Substances Act, the Controlled Substances Import and Export Act, or Chapter 705 of Title 46 of the United States Code, for which the maximum term of imprisonment is ten or more years; and (2) Defendant did not introduce sufficient evidence to rebut that presumption. (Doc. No. 33, p. 2). The Magistrate Judge listed the reasons for Defendant's

1

detention, including the weight of evidence against Defendant, that Defendant is subject to a lengthy sentence if convicted, Defendant's prior criminal history, his history of violence or use of weapons, his history of alcohol or substance abuse, and a lack of stable employment. Id. at 3. About a week and a half after the Magistrate Judge entered the Order of Detention, Defendant filed the instant appeal pursuant to 18 U.S.C. § 3145(b).

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Such reviews are conducted *de novo* and the district court must make an independent determination whether the defendant will be detained pending trial. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam). The factors a reviewing court are to consider in making this determination include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including family ties, character, community ties, and criminal history; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. Id.; see also 18 U.S.C. § 3142(g).

The Court finds the nature and circumstances of the present offense to be grave. The Government alleges Defendant knowingly and intentionally conspired with other persons to not only distribute methamphetamine, but to distribute 500 grams or more of the substance containing it. (Doc. No. 25, p. 1). More specifically, the Government alleges the execution of a law enforcement search of Defendant's residence resulted in the seizure of over 1,600 grams of methamphetamine and over $7,600 in U.S. currency, which Defendant admitted was from drug

sales.[1]  (Doc. No. 43, p. 2).  In addition, Defendant is charged with Possession with Intent to Distribute Methamphetamine.  (Doc. No. 25, p. 5).  In light of the charges he faces, the Court finds this factor weighs against release.

The weight of evidence against Defendant is also strong.  While Defendant is certainly presumed innocent until and unless he is convicted, the Government has shown overwhelming evidence against Defendant, including the seizure of a significant amount of methamphetamine from his residence as well as currency which Defendant admitted was from drug sales.  (Doc. No. 43, p. 2-3).  The Court here notes, as it did in footnote 1 above, that Defendant does not argue his Miranda rights were violated in the course of obtaining his statements.  As the evidence against Defendant is strong, this factor weighs against release.

The third factor, which is the history and characteristics of the defendant, includes the defendant's character, physical and mental condition, family ties, employment, financial resources, residence in the community and ties to it, past conduct, drug and alcohol history, and criminal history, among several other factors.  See 18 U.S.C. § 3142(g)(3).  Here, the Court finds that the presence of several factors likewise weighs against release.  Defendant has prior convictions for Assault Inflicting Serious Injury and Breaking & Entering and Larceny.  (Doc. No. 43, p. 1). Defendant also has several other arrests which did not lead to a conviction.  Id.  Defendant is a methamphetamine addict and has been for several years, though he otherwise states he is in excellent health.  Id. at 2.  Defendant cites the fact he has custody of his daughter and he mowed lawns at the time of his arrest (i.e., was employed) as factors weighing in favor of release.  (Doc. No. 42, p. 4-5).  The Government contends Defendant is unemployed and his daughter would be

---

[1] The Government states, and Defendant does not dispute, that Defendant waived his Miranda rights and provided a confession.  (Doc. No. 43, p. 2); see generally (Doc. No. 45).

3

cared for by her paternal grandfather, who is willing to allow Defendant to live with him if released, (Doc. No. 43, p. 3-4), although Defendant disputes the latter point due to ongoing DSS proceedings in Catawba County court. (Doc. No. 44, p. 2). After a review of the record, including the Pretrial Services Report (Doc. No. 32), the Court finds Defendant is not able to rebut the presumption in favor of detention. As to the fourth and final factor, the danger posed to the community from the defendant's release, Defendant makes the conclusory statement that "[b]eyond the statutory presumption that arises in all drug cases, there is no evidence to suggest that [Defendant] is a danger to the community." (Doc. No. 42, p. 5). Without offering any other evidence as to this factor, Defendant is unable to meet his burden of rebutting the presumption of detention.

For the foregoing reasons, the Court finds Defendant has not successfully rebutted the presumption in favor of detention under 18 U.S.C. § 3142(e). Accordingly, the Magistrate Judge's Order of Detention (Doc. No. 33) is AFFIRMED and Defendant's Appeal (Doc. No. 42) is DENIED.

IT IS SO ORDERED.

Signed: May 21, 2020

Frank D. Whitney
Chief United States District Judge